J-S40022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SIDNEY BURGESS, | : | |
| | : | |
| Appellant | : | No. 1700 EDA 2016 |

Appeal from the PCRA Order May 27, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0004901-2010

BEFORE: OTT, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 14, 2017**

Appellant, Sidney Burgess, appeals from the May 27, 2016 Order entered in the Philadelphia County Court of Common Pleas dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we vacate the Order of the PCRA court, vacate the Judgment of Sentence, and remand for resentencing consistent with ***Alleyne v. United States***, 133 S.Ct. 2151 (U.S. 2013).

On December 2, 2010, a jury convicted Appellant of Possession of a Controlled Substance with Intent to Deliver ("PWID"), Criminal Conspiracy, and Possessing Instruments of Crime ("PIC").[1] On February 17, 2011, the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 903, and 18 Pa.C.S. § 907, respectively.

trial court sentenced Appellant to an aggregate term of 5 to 10 years' imprisonment.[2] The trial court applied the mandatory minimum sentencing provision set forth in 42 Pa.C.S. § 9712.1 ("Sentences for certain drug offenses committed with firearms"). This Court affirmed Appellant's Judgment of Sentence, *Commonwealth v. Burgess*, No. 687 EDA 2011 (Pa. Super. filed April 12, 2013), and our Supreme Court denied allowance of appeal. *Commonwealth v. Burgess*, No. 264 EAL 2013 (Pa. filed August 23, 2013). Appellant did not seek review by the U.S. Supreme Court. Appellant's Judgment of Sentence, therefore, became final on November 21, 2013. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.

Appellant filed the instant *pro se* PCRA Petition, his first, on April 22, 2014, raising, *inter alia*, an *Alleyne* claim.[3] The PCRA court appointed counsel, and counsel filed an Amended PCRA Petition on September 25, 2014.

On April 25, 2016, the PCRA court filed a notice of its intent to dismiss Appellant's PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907. On May 27, 2016, the PCRA court denied the Petition.

_____

[2] The trial court imposed no further penalty on the Criminal Conspiracy and PIC convictions.

[3] In *Alleyne*, the U.S. Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. *Alleyne v. United States*, 133 S.Ct. 2151, 2160-61 (U.S. 2013).

Appellant filed a timely Notice of Appeal on June 1, 2016. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents three issues for our review:

1. Did the [l]ower [c]ourt err in failing to find counsel ineffective for failing to object to and pursue on appeal the appearance of judicial bias that tainted the jury in the trial?

2. Did the [l]ower [c]ourt err in failing to find that counsel was ineffective for failing to raise the issue of the mandatory sentences that the Appellant was subject to being unconstitutional at trial or on appeal?

3. Did the [l]ower [c]ourt err in dismissing the PCRA Petition without holding an evidentiary hearing to determine counsel's ineffectiveness?

Appellant's Brief at 9.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

- 3 -

A PCRA petitioner is not automatically entitled to an evidentiary hearing. *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). The PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or in other evidence. *Id*. The reviewing court on appeal must examine each issue raised in the PCRA petition in light of the record before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. *Id*.; *see also Commonwealth v. Roney,* 79 A.3d 595, 604 (Pa. 2013) (applying abuse of discretion standard to review of PCRA court's denial of petition without a hearing).

In his first two issues, Appellant avers that he received ineffective assistance of trial counsel. The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on Appellant." *Id*. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the

test will result in rejection of the appellant's ineffective assistance of counsel claim. **Commonwealth v. Jones**, 811 A.2d 994, 1002 (Pa. 2002).

Appellant first contends the court made two comments in front of the jury that "demonstrated a judicial bias[,]" and trial counsel was ineffective for failing to object, to move for a mistrial, or to seek the trial judge's recusal. Appellant's Brief at 17.

The two comments are as follows: (1) after defense counsel repeatedly asked whether the police checked certain evidence for fingerprints and the officer repeatedly responded that checking that type of evidence was not proper police procedure, the trial court interjected "it's not police procedure. We're not the FBI," at which point defense counsel moved on to a different line of questioning; and (2) after defense counsel repeatedly asked the same officer whether, after Appellant told him that the drug money belonged to him, the officer obtained that same confession in a written statement, the trial court replied to the Commonwealth's objection by stating that "he made the statement." N.T., 11/30/10, at 157-61.

"A party seeking recusal bears the burden of producing evidence to establish bias, prejudice, or unfairness[,] which raises a substantial doubt as to the jurist's ability to preside impartially." **Commonwealth v. Watkins**, 108 A.3d 692, 734 (Pa. 2014) (citations omitted). "If the appellate court determines that the party alleging judicial bias received a fair trial, then the allegation of judicial bias is not borne out." **Commonwealth v. Travaglia**,

661 A.2d 352, 367 (Pa. 1995). "[S]imply because a judge rules against a defendant does not establish any bias on the part of the judge against that defendant." *Id.*

In rejecting this claim, the PCRA court opined that the trial court's statements attempted to move the trial along by cutting off defense counsel's repetitive questioning, and that the statements did not demonstrate judicial bias. PCRA Court Opinion, filed 11/30/16, at 4-8. We agree with the PCRA court's analysis.

The PCRA court's Opinion appropriately addressed this allegation of ineffectiveness. It is axiomatic that counsel cannot be ineffective for failing to raise a meritless issue. *Fears*, *supra* at 804. The record supports the PCRA court's determinations, and the PCRA court's decision is free of legal error. Thus, Appellant fails to satisfy the first prong of the ineffectiveness test, and he is not entitled to relief on this issue.

In his second issue, Appellant contends trial counsel was ineffective for failing to challenge the legality of his sentence. We need not address Appellant's specific arguments because we are required to vacate Appellant's Judgment of Sentence on grounds not raised by Appellant.[4] ***See***

---

[4] Appellant stated in his Brief "[w]e are, in effect, challenging counsel's ineffectiveness rather than the illegal sentence itself." Appellant's Brief at 22. Appellant did the opposite in the lower court: Appellant did not present an ineffectiveness claim in his *pro se* PCRA Petition or counsel's Amended PCRA Petition, he instead chose to challenge only the legality of sentence. *(Footnote Continued Next Page)*

***Commonwealth v. Watley,*** 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*) ("Legality of sentence questions are not waivable and may be raised *sua sponte* by this Court.").

The certified record indicates that in 2011, the trial court imposed a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712.1 for Appellant's PWID conviction. This Court affirmed the Judgment of Sentence on direct appeal. While Appellant's Petition for Allowance of Appeal was pending in our Supreme Court, the United States Supreme Court decided ***Alleyne v. United States***, __ U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), holding that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. In ***Commonwealth v. Newman***, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015), this Court held that pursuant to ***Alleyne***, 42 Pa.C.S. § 9712.1 is no longer constitutional.

Generally, an ***Alleyne*** claim does not apply retroactively to cases on collateral review. ***See Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016). However, in ***Commonwealth v. Ruiz***, 131 A.3d 54 (Pa. Super

---

Thus, Appellant waived this ineffectiveness claim. ***See*** 42 Pa.C.S. § 9544(b); ***see also Commonwealth v. Brown***, 767 A.2d 576, 584-85 (Pa. Super. 2001). Nevertheless, Appellant's waiver does not preclude our review because this Court may raise this issue *sua sponte*. ***See Watley***, ***supra*** at 118.

2015), this Court recognized that an *Alleyne* claim constitutes a non-waivable challenge to the legality of a sentence and may be raised for the first time in a timely-filed PCRA petition if the petitioner's judgment of sentence was not final when *Alleyne* was decided. *See Ruiz*, *supra* at 60–61.

Here, Appellant's Petition for Allowance of Appeal with the Pennsylvania Supreme Court was not denied until August 23, 2013. *Alleyne* was decided on June 17, 2013. Because Appellant's Judgment of Sentence was not final when *Alleyne* was decided and he timely filed this PCRA Petition, *Alleyne* is applicable to Appellant's case retroactively. *See Ruiz*, *supra* at 60–61. Thus, Appellant is entitled to resentencing without consideration of the mandatory minimum sentencing provision set forth in 42 Pa.C.S. § 9712.1.[5]

Order vacated. Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

---

[5] In his third issue, Appellant contends that the PCRA court erred in dismissing his PCRA Petition without conducting an evidentiary hearing. Based on our discussion *supra*, we conclude that the PCRA court did not abuse its discretion in dismissing Appellant's first two ineffectiveness claims without an evidentiary hearing because they presented no genuine issues of material fact and lacked merit. *See Miller*, 102 A.3d at 992.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/14/2017